IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| PUU ALII COMMUNITY ASSOCIATION, | ) ) ) | CIVIL NO.  06-00219 JMS/BMK |
| Plaintiff, | ) ) | ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL |
| vs. | ) ) | SUMMARY JUDGMENT AND DENYING DEFENDANT'S |
| AMERICAN EQUITY INSURANCE CO., | ) ) ) | COUNTER MOTION FOR SUMMARY JUDGMENT |
| Defendant. | ) ) | |
| _____ | ) | |

ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY
JUDGMENT AND DENYING DEFENDANT'S COUNTER MOTION FOR
SUMMARY JUDGMENT

I.  INTRODUCTION

Plaintiff Puu Alii Community Association ("Association") has moved the court for partial summary judgment as to its request for declaratory relief in this insurance coverage dispute.[1]  Defendant American Equity Insurance Company ("AEIC") has filed a counter motion for summary judgment.  The parties disagree as to whether a particular sidewalk was within the coverage area of the Association's commercial general liability ("CGL") insurance policy.  The court

---

[1] The Plaintiff's motion is entitled "Motion for Summary Judgment" rather than "Motion for Partial Summary Judgment"; nevertheless, the Plaintiff is not moving for summary judgment as to Count III of its Complaint (Breach of the Duty of Good Faith and Fair Dealing).

concludes that the policy covers the entire piece of property located at 46-058 Alii

Anela Place (more specifically, the parcel identified as Tax Map Key number

46002001) but that the policy does not cover other Association property.

Nevertheless, the record is unclear as to whether the sidewalk at issue is within

this piece of property, such that the court cannot presently rule as to whether there

is a duty to defend or indemnify in this specific instance.  Consequently, the court

DENIES both parties' motions.

## II.  BACKGROUND

On November 16, 2002, Raymond Clayton slipped on a sidewalk

within the Puu Alii Community (a collection of condominiums in Kaneohe,

Hawaii).  He fell, broke his ankle, and sued the Association (the entity charged

with maintaining the common areas within the Puu Alii Community).

Association's Supplemental Brief, Ex. A.  The Association tendered its claim for

defense to AEIC, but AEIC refused to defend or indemnify the Association.  The

Association argues that the sidewalk on which Clayton slipped is within the

coverage area for the Association's CGL policy.  AEIC disagrees.

2

The Puu Alii Community is comprised of thirty-eight buildings,[2] two recreation centers, three swimming pools, and some tennis courts.  AEIC's Concise Statement of Facts ("AEIC's Concise"), Ex. 4.  The buildings are grouped into four "Phases," and Clayton (an owner of a condominium within Phase I) slipped on the sidewalk leading from Phase I to Phase II, outside Building 6.[3]  AEIC's Concise, Exs. 2, 4.  Phase I consists of eighteen buildings clustered loosely around a recreation center, pool, and tennis courts, and Phase II consists of another eleven buildings grouped around a pool.  AEIC's Concise, Ex. 4.

\\

\\

\\

\\

\\

\\

---

[2] A map of the Puu Alii Community shows buildings numbered 2 through 39; no building number 1 is visible on this map.  AEIC's Concise Statement of Facts, Ex. 4.

[3] According to the Association, the Association is made up of five member condominiums, each of which is covered by its own insurance policy.  Association's Motion at 1 n.1.  The parties agree that Building 6 itself is not covered by the Association's insurance policy.

Clayton brought suit in state court against both the Association and Puu Alii Phase I, one of the Association's member condominiums.  The claims against Puu Alii Phase I have been dismissed.  Association's Reply Memorandum, Ex. A.  The sole issue in the instant case is whether the Association's CGL policy covers the sidewalk upon which Clayton slipped.

3

The CGL policy contains a Schedule of coverage titled "Limitation of

Coverage to Designated Operations"; this Schedule provides in relevant part:

## SCHEDULE

**Operations:  RECREATION AREA**

**Premises or Project:  46-058 ALII ANELA DRIVE**[4]
**KANEOHE, HI 96744**

1.      This insurance applies only to "bodily injury", "property
        damage", "personal injury", "advertising injury" or
        medical payments arising out of:

        **(a)** Operations designated in the Schedule; and

        **(b)** The premises or project shown in the Schedule.

2.      This insurance does not apply to "bodily injury",
        "property damage", "personal injury", "advertising
        injury" or medical payments arising out of any
        operations other than those designated in [sic] Schedule.

Association's Concise, Ex. B.

The Association owns Tax Map Key ("TMK") number 46002001, a

tract of land bordered (roughly) by Puulena Street and Alii Anela Place.[5]  AEIC's

---

[4] AEIC makes much of the fact that the CGL policy refers to 46-058 Alii Anela *Drive*,
whereas the street's name is actually Alii Anela *Place*.  To the extent that AEIC believes that this
distinction justifies a denial of coverage, the court rejects AEIC's argument.

[5] The adjoining parcel of land, TMK number 46002034, is owned by Puu Alii Phase I,
Increment 3.  AEIC's Supplemental Memorandum, Ex. 7.  Although not perfectly clear to the
court, Puulena Street appears to run outside of the Association's property, and Building 6 appears

(continued...)

Supplemental Memorandum, Ex. 7; AEIC's Concise, Ex. 4.  The street address for

this parcel of land is 46-058 Alii Anela Place.  AEIC's Supplemental

Memorandum, Ex. 7.   The Association argues that "46-058 Alii Anela Place" is

the street address for *all* the common areas under the Association's control, such

that the CGL policy covers all the Association's property.[6]  On the Declaration

page for the CGL policy, the Association stated that it is a condominium

association and that the "Location of All Premises You Own, Rent, or Occupy" is

46-058 Alii Anela Place.  Association's Concise, Ex. A.  According to the

Association, the address listed in the Schedule -- 46-058 Alii Anela Place --

includes the recreation center, swimming pool, tennis courts, and surrounding land

within Phase I, including the spot where Clayton fell.  Consequently, the

Association argues that the CGL policy provides coverage for Clayton's lawsuit.

---

[5](...continued)
to be on the far side of Puulena Street.  In other words, Building 6 (and the surrounding land)
appear to belong to Puu Alii Phase I, Increment 3, rather than the Association.  The Association
argues that Puu Alii Phase I only owns Building 6 and the land upon which the building sits (the
"footprint" of Building 6).  Even if this is true, however, the adjoining parcel of land, TMK
number 46002034, has a street address of 46-24 Puulena Street -- it is not part of the
Association's property at 46-058 Alii Anela Place.

[6] It appears that the Association is contending that the CGL policy covers all property
under the Association's control (including land that is outside TMK number 46002001), not just
property within the boundaries of TMK number 46002001.  Regardless of what the Association
argues, however, the court concludes that the CGL policy applies no further than the boundaries
of TMK number 46002001.

AEIC, on the other hand, argues that the CGL policy does not even cover all of TMK number 46002001; instead, AEIC argues that the only property covered by the CGL policy is the "Recreation Area" portion of TMK number 46002001.  Whereas the Association focuses on the words "46-058 Alii Anela Place" as providing coverage for Clayton's injuries, AEIC relies on the phrase "Recreation Area" as barring coverage for these injuries.  AEIC argues that the policy was only intended to cover the land in the immediate vicinity of the recreation area and not the land surrounding the member condominiums.  AEIC further argues that its decision to refuse to defend and indemnify the Association is justified because there is no potential for coverage raised in Clayton's Complaint or First Amended Complaint.  *See* AEIC's Concise, Ex. 5 at 3 ("Clayton was walking on a sidewalk in Puu Alii, Phase I when he slipped and fell[.]"); Association's Concise, Ex. E at 3 (same); *see also* Association's Concise, Ex. F (Incident Report prepared by Association's manager stating that "[t]his incident [Clayton's slip and fall] occurred by Bldg 6 in Phase I").  AEIC also points to an inspection report prepared by Swett & Crawford Group in May of 2001, which states:  "This policy only covers recreation building, all amenities in

area and grounds around building.[7]  Association has another fire and liability

policy to cover homes, roads, and common areas."[8]  AEIC's Concise, Ex. 2.

As discussed more fully *infra*, the court concludes that the CGL

policy covers the entire parcel at 46-058 Alii Anela Place -- that is, the entire

parcel located at TMK number 46002001 -- but that the CGL policy does not

extend beyond the borders of this parcel of land.

On May 10, 2004, Clayton filed his Complaint in the Circuit Court of

the First Circuit of the State of Hawaii; he filed a First Amended Complaint,

naming the Association as a defendant, on August 18, 2004.  Association's

Concise, Ex. E.  On May 15, 2004, the Association filed a claim with AEIC; on

July 16, 2004, AEIC declined the tender of the Association's defense and

indemnification.  Association's Concise, Exs. F, G.  On March 10, 2006, the

Association filed a Complaint for Declaratory Relief in the Circuit Court of the

First Circuit of the State of Hawaii; AEIC removed the case to the United States

District Court for the District of Hawaii on April 21.  The Association moved for

---

[7] This document appears to use the word "building" rather than "buildings," but the document is not entirely clear; at the hearing, the parties were similarly unsure as to what the document says.  The court need not resolve this issue, however.  The inspection report is not part of the CGL policy, and the court confines its analysis to the plain language of the policy itself.

[8] The Association agrees that each of its five member condominiums had its own insurance coverage, but alleges that the land surrounding each of the condominiums was owned by the Association (such that it falls within the scope of the CGL policy).

7

summary judgment on June 27, and AEIC filed a counter motion for summary

judgment on September 13.

### III.  <u>STANDARD OF REVIEW</u>

Summary judgment is appropriate when "the pleadings, depositions,

answers to interrogatories, and admissions on file, together with the affidavits, if

any, show that there is no genuine issue as to any material fact and that the moving

party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).

"One of the principal purposes of the summary judgment rule is to

isolate and dispose of factually unsupported claims or defenses[.]"  *Celotex Corp.*

*v. Catrett*, 477 U.S. 317, 323-24 (1986).  The burden initially lies with the moving

party to show that there is no genuine issue of material fact.  *T.W. Elec. Serv., Inc.*

*v. Pac. Elec. Contractors Ass'n.*, 809 F.2d 626, 630 (9th Cir. 1987).  Nevertheless,

"summary judgment is mandated if the non-moving party 'fails to make a showing

sufficient to establish the existence of an element essential to that party's case.'"

*Broussard v. Univ. of Cal. at Berkeley*, 192 F.3d 1252, 1258 (9th Cir. 1999)

(quoting *Celotex*, 477 U.S. at 322).

\\

\\

\\

8

IV. ANALYSIS

A.    Interpretation of insurance contracts under Hawaii law

The Hawaii Supreme Court has set forth the standard for reviewing

insurance coverage disputes:

> We begin our analysis with the observation that insurers
> have the same rights as individuals to limit their liability and to
> impose whatever conditions they please on their obligation,
> provided they are not in contravention of statutory inhibitions
> or public policy.  As such, insurance policies are subject to the
> general rules of contract construction; the terms of the policy
> should be interpreted according to their plain, ordinary, and
> accepted sense in common speech unless it appears from the
> policy that a different meaning is intended.  Moreover, "[every]
> insurance contract shall be construed according to the entirety
> of its terms and conditions as set forth in the policy."  Hawai'i
> Revised Statutes (HRS) § 431:10-237 (1993).
>
> Nevertheless, adherence to the plain language and literal
> meaning of insurance contract provisions is not without
> limitation. We have acknowledged that because insurance
> policies are contracts of adhesion and are premised on standard
> forms prepared by the insurer's attorneys, we have long
> subscribed to the principle that they must be construed liberally
> in favor of the insured and any ambiguities must be resolved
> against the insurer.  Put another way, the rule is that policies
> are to be construed in accord with the reasonable expectations
> of a layperson.

*Dairy Rd. Partners v. Island Ins. Co., Ltd.*, 92 Haw. 398, 411-12, 992 P.2d 93,

106-07 (2000) (quoting *Estate of Doe v. Paul Revere Ins. Group*, 86 Haw. 262,

271, 948 P.2d 1103, 1112 (1997)) (citations, brackets, ellipsis, and internal

quotation signals omitted) (brackets in original).

B.    The CGL policy is ambiguous and therefore provides coverage for the entire
      piece of property at 46-058 Alii Anela Place (TMK number 46002001); the
      CGL policy does not provide coverage beyond the borders of TMK number
      46002001

           AEIC argues that its intent was to insure only the area immediately

surrounding the recreation center at 46-058 Alii Anela Place, such that the

sidewalk near Building 6 is excluded from coverage.  According to AEIC, because

the CGL policy limits coverage to injuries that arise from "[o]perations designated

in the Schedule" *and* "[t]he premises or project shown in the Schedule," and

because the policy states that it does not cover injuries "arising out of any

operations other than those designated in [sic] Schedule," the policy is clearly

limited to the Recreation Area at 46-058 Alii Anela Place.  In other words, AEIC

argues that the policy covers the Recreation Area within TMK number 46002001

and nothing more.

           The Association, on the other hand, appears to argue that 46-058 Alii

Anela Place is the street address for all the Association's business, such that all

property under the Association's control -- including the common area near

Building 6 where Clayton fell -- is covered by the CGL policy.

10

The court rejects both arguments.  Instead, the court concludes that the CGL policy applies to the entire parcel of land at 46-058 Alii Anela Place (TMK number 46002001) but that the CGL policy does not apply to property outside the boundaries of TMK number 46002001.

**1.    The CGL policy is ambiguous**

Again, the policy provides as follows:

**SCHEDULE**

**Operations:  RECREATION AREA**

**Premises or Project:  46-058 ALII ANELA DRIVE
                                 KANEOHE, HI 96744**

1.    This insurance applies only to "bodily injury", "property damage", "personal injury", "advertising injury" or medical payments arising out of:

   **(a)** Operations designated in the Schedule; and

   **(b)** The premises or project shown in the Schedule.

2.    This insurance does not apply to "bodily injury", "property damage", "personal injury", "advertising injury" or medical payments arising out of any operations other than those designated in [sic] Schedule.

Association's Concise, Ex. B.  The plain language of the policy is ambiguous, in that it is susceptible to two readings:  (1) coverage is limited to "Operations" only

11

(and "Operations" includes the Recreation Area only);[9] and (2) coverage applies to both Operations and "[t]he premises or project shown in the Schedule," which includes 46-058 Alii Anela Place.[10]  AEIC could have written this policy to say that there is coverage only for Recreation Area operations *within* 46-058 Alii Anela Place, but AEIC did not do so.  This ambiguity must be resolved against AEIC.  Consequently, the address at 46-058 Alii Anela Place is covered by the CGL policy.

## 2.    The CGL policy is limited to the property at 46-058 Alii Anela Place

The Association appears to argue that the CGL policy should apply beyond the boundaries of TMK number 46002001.  The Association contends that 46-058 Alii Anela Place is the mailing address for the Association, such that all property within the Association's control is covered by the CGL policy.

---

[9] This reading is supported by paragraph 2 of the Schedule, which states that the insurance does not apply to injuries "arising out of any operations other than those designated in [sic] Schedule."  As stated above, the only identified "operation" is the Recreation Area.

[10] This reading is supported by paragraph 1 of the Schedule, which states that the insurance applies to injuries arising out of Operations designated in the Schedule (the "Recreation Area") *and* the premises shown in the Schedule (46-058 Alii Anela Place).  Despite AEIC's argument that the word "and" is used conjunctively to connect that two terms (*i.e.*, that the policy applies only to injuries sustained at the Recreation Area located at 46-058 Alii Anela Place), the court finds that the plain and ordinary reading in this context suggests that the policy applies to the Recreation Area *and* to the property located at 46-058 Alii Anela Place.  Further, under AEIC's reading of paragraph 1, subsection (b) would be wholly superfluous.  Had subsection (b) been deleted from paragraph 1, the language would be clear — the insurance applies only to various injuries arising out of the operations.

The court disagrees.  Although the Schedule itself is ambiguous, the street address, 46-058 Alii Anela Place, is not.  Even if the Association uses this address for its operations, and even if the Association controls common areas of other properties (such as the common areas within TMK number 46002034), the street address of 46-058 Alii Anela Place refers only to TMK number 46002001.  The plain, ordinary, and accepted understanding of a street address is that it is limited to the specific property located at that address (rather than including all property that is associated with that address in some way).  Therefore, the CGL policy does not apply beyond the borders of this parcel of property.

C.    Whether Clayton's injury occurred on covered property is unclear from the record

If Clayton's injury occurred on the Association's property at 46-058 Alii Anela Place -- that is, within the boundaries of TMK number 46002001 -- AEIC is required to defend and indemnify the Association.[11]  On the other hand, "[w]here coverage is extended to specific premises and an occurrence takes place off those premises, there is no coverage and no duty to defend."  14 Lee R. Russ and Thomas F. Segalla, *Couch on Insurance 3d* § 201:39 (2006).  Thus, if

---

[11] The declaration of Bill Spotts, former property manager for the Association, states that Clayton slipped and fell on "common grounds owned by Puu Alii Community Association." Spotts Declaration at ¶ 5.  A review of Tax Map Key 46002001 appears to show otherwise, although the court is unable, based on the record before it, to determine where Clayton was injured.

Clayton's injury occurred off the Association's property, there is no duty to defend or indemnify.[12]

The record is unclear as to the exact site of Clayton's injury, and the court simply does not know whether Clayton's injury occurred on the Association's property at 46-058 Alii Anela Place.  Consequently, the court cannot grant summary judgment in favor of either the Association or AEIC.  The court therefore DENIES both parties' motions for summary judgment.

\\

\\

\\

\\

\\

\\

---

[12] If there is a factual dispute as to whether Clayton's injury occurred on the Association's property at 46-058 Alii Anela Place (TMK number 46002001), then there would be a potential for coverage and AEIC would be obligated to defend the Association.  As the Hawaii Supreme Court recently explained:

> The obligation to defend is broader than the duty to pay claims and arises wherever there is the mere *potential* for coverage.  In other words, the duty to defend rests primarily on the *possibility* that coverage exists. This possibility may be remote but if it exists, the insurer owes the insured a defense.  All doubts as to whether a duty to defend exists are resolved against the insurer and in favor of the insured.

*Tri-S Corp. v. Western World Ins. Co.*, 110 Haw. 473, 488, 135 P.3d 82, 97 (2006) (quoting *Dairy Rd. Partners v. Island Ins. Co., Ltd.*, 92 Haw. 398, 411, 992 P.2d 93, 106 (2000)).

## V.  <u>CONCLUSION</u>

For the foregoing reasons, the court DENIES the Plaintiff's Motion for Partial Summary Judgment and DENIES the Defendant's Counter Motion for Summary Judgment.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, October 16, 2006.



J. Michael Seabright
United States District Judge

*Puu Alii Community Association v. American Equity Insurance Co.*, Civ. No. 06-00219 JMS/BMK, Order Denying Plaintiff's Motion for Partial Summary Judgment and Denying Defendant's Counter Motion for Summary Judgment